**STATE, ex rel. BEIGEL and MAHRT, Relators-Appellees, v. BRUMBAUGH et, Respondents-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2145.   Decided April 14, 1951.

Henry L. Beigel, Louis R. Mahrt, Dayton, for relators-appellees.

Mathias H. Heck, Pros. Atty., Albert J. Dwyer, Asst. Pros. Atty., Dayton, for respondents-appellants.

## OPINION

By MILLER, J:

This is an action in mandamus wherein the relators are seeking an order commanding the respondents, who are the duly elected Commissioners for Montgomery County, to fix the amount of the appeal bond in an attempted appeal from an improvement resolution adopted by the said Board. This resolution provided for the construction of a public water supply system in a district wherein the relators are property holders and therefore subject to certain assessments for the improvement.

The record reveals that on January 3, 1951, a peremptory writ was granted as prayed for in the petition. On January 5, 1951, the respondents filed an answer and also a motion to suspend the peremptory order and to fix the time for hearing on the merits. On February 19, 1951, the motion was overruled and the respondents were ordered to comply forthwith the peremptory writ previously issued. On February 20, 1951, motion for new trial was filed, which was overruled on February 21. Notice of appeal was filed on February 23, directed to the order overruling the motion on February 19, and also to the order overruling the motion for a new trial, which was filed on February 21.

The real question presented is whether the notice of appeal from the resolutions adopted by the Commissioners was timely filed. The provisions of the statute relating to this appeal are found in §6602-3c GC, which in part provides:

"* * * Any person * * * desiring to appeal from the final order or judgment of the county commissioners upon any said questions, shall on or before the date of the passage of the improvement resolution give notice in writing of an intention to appeal, * * *."

It will be observed that this section requires the notice of appeal to be filed on or before the passage of the improvement resolution which may only be adopted a certain period of time after a prior resolution has been adopted declaring the improvement to be a necessity. Secs. 6602-2, 6602-3 GC. The procedure in such a proceeding therefore consists of two distinct steps:

1. The resolution of necessity for the improvement; and
2. The resolution to make the improvement.

The petition alleges that the improvement resolution was

adopted on September 26, 1950, and within ten days thereafter a notice of appeal was filed under the provisions of §6602-3b et seq, GC. The notice of appeal was therefore not filed "on or before the date of the passage of the improvement resolution" as required by §6602-3 GC, but on the contrary it was filed within ten days thereafter. This does not meet the statutory requirements and it must follow that no jurisdiction was conferred upon the Probate Court. In cases of appeal in civil actions it has been uniformly held that failure to file the notice of appeal within the prescribed time deprives the appellate court of jurisdiction. See **State, ex rel. v. Brookes, et al., 142 Oh St 107.** The relators urge, however, that under §6602-3b GC, the appeal was properly filed. This section provides:

"Any owner of property to be assessed * * * may appeal to the Probate Court from the action of the board of county commissioners * * *. Provided, however, that such appeal be effected within ten days after the passage of the resolution to proceed with the improvement * * *."

This section, it should be noted, makes no provision for the filing of a notice of appeal but merely provides for the time of **effecting** the appeal. The word "effected" means accomplished, completed, consummated. 28 C. J. S. 838. It therefore has reference to the time in which the appeal must be completed, that is by the giving of the appeal bond. Since the notice of appeal was not timely filed the appeal was never lawfully commenced and therefore there was no occasion for the giving of an appeal bond. The relators urge further that §6602-3g GC gives the Probate Court exclusive jurisdiction to pass on all preliminary matters and expressly provides that if "the appeal is not perfected according to law, he shall dismiss such appeal." The mere fact that the Probate Judge may dismiss the appeal if not properly perfected is not inconsistent with the right of the respondents to refuse to fix the bond when the appeal is not properly filed. The Probate Judge has exclusive jurisdiction to pass upon all matters properly before his court. But the matter of his own jurisdiction may be examined in this proceeding. The judgment overruling the respondents' motion to suspend the peremptory writ is one affecting a substantial right and is an appealable order.

It is our conclusion that the Court erred in the judgment, which is ordered reversed and cause remanded.

HORNBECK, PJ, WISEMAN, J, concur.

236

### ON APPLICATION FOR REHEARING

No. 2145.   Decided April 28, 1951.

### OPINION

**By THE COURT:**

This is an application for a rehearing in which we find nothing presented which was not previously considered. The statutory requirements for the perfecting of the appeal seem to be reasonably definite and certain and under such circumstances a different interpretation may not be given to them. If these requirements are not practicable, the change should be accomplished by appropriate legislation and not by judicial fiat.

Application denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.